IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL STEVEN BAKSI, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 06-2364-B/P |
| | ◊ | |
| CHERRY LINDAMOOD, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

_____

ORDER ASSESSING $350 CIVIL FILING FEE
AND
ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

_____

Plaintiff Michael Stephen Baksi, Tennessee Department of Correction prisoner number 365583, an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a <u>pro se</u> complaint pursuant to 42 U.S.C. § 1983 on June 13, 2006.

I. <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).[1] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an <u>in forma pauperis</u> affidavit containing a certification

---

[1] Effective April 9, 2006, the civil filing fee increased from $250 to $350.

by the trust fund account officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the

prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the SCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. <u>Transfer of Action</u>

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district

>   in which any defendant may be found, if there is no
>   district in which the action may otherwise be brought.

This claim has no connection with the Western District of Tennessee. The relevant events occurred at the SCCF, which is located in Wayne County, Tennessee. The complaint does not allege that the individual defendants reside in this division. Accordingly, the complaint asserts no basis for venue in the Western District of Tennessee.

Twenty-eight U.S.C. § 1406(a) states:

>   The district court of a district in which is filed a case
>   laying venue in the wrong division or district shall
>   dismiss, or if it be in the interest of justice, transfer
>   such case to any district or division in which it could
>   have been brought.

For the reasons stated, this action should have been brought in the Columbia Division of the Middle District of Tennessee, which encompasses Wayne County. 28 U.S.C. § 123(b)(3). Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Middle District of Tennessee, Columbia Division.

IT IS SO ORDERED this 20th day of July, 2006.

>       s/ J. DANIEL BREEN
>       UNITED STATES DISTRICT JUDGE